IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY SERRANO-BEY,     Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 23-CV-3147 |
| (LATTANZIO?) MUVHA, *et al.*,     Defendants. | : : | |

## ORDER

**AND NOW**, this 16th day of February, 2024, upon consideration of Plaintiff Stacy Serrano-Bey's Motion to Proceed *In Forma Pauperis* (ECF No. 17) and Complaint (ECF No. 2), **IT IS HEREBY ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for the reasons stated in the Court's Memorandum as follows:

    a. Serrano-Bey's claims against the Philadelphia Highway Patrol are **DISMISSED WITH PREJUDICE**.

    b. Serrano-Bey's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk of Court is **DIRECTED** to **TERMINATE** the Philadelphia Highway Patrol as a Defendant in this case.

5. Serrano-Bey may file an amended complaint within thirty (30) days of the date of this Order if he is able to cure the pleading defects that the Court has identified. Serrano-Bey

may not attempt to reassert any claim against the Philadelphia Highway Control.  Any amended complaint must identify all defendants both in the caption of the amended complaint and in the body of the amended complaint and shall state the basis for Serrano-Bey's claims against each individual defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting any amended complaint, Serrano-Bey should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until the Court directs it to do so.

6.	The Clerk of Court is **DIRECTED** to send Serrano-Bey a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Serrano-Bey may use this form to file his amended complaint if he chooses to do so.

7.	If Serrano-Bey does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  See *Weber v. McGrogan*, 939 F.3d 232, 238 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding that the district court did not abuse its discretion in dismissing with prejudice claims that plaintiffs did

not repled when the court "expressly warned plaintiffs that failure to repled the . . . claims . . . would result in the dismissal of those claims").

8. If Serrano-Bey fails to file any response to this Order, the Court will conclude that Serrano-Bey intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ John R. Padova, J.

**JOHN R. PADOVA, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary." (citations omitted)); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citations omitted)).