IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY SERRANO-BEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3147 |
| | : | |
| LATTANZIO, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**PADOVA, J.**                                                                                                 **APRIL 17, 2024**

      Plaintiff Stacy Serrano-Bey initiated this civil action by filing a *pro se* Complaint asserting various constitutional claims with respect to a September 29, 2021 traffic stop. By Memorandum and Order dated February 16, 2024, the Court granted Serrano-Bey leave to proceed *in forma pauperis* and dismissed his Complaint in its entirety. Serrano-Bey was provided an opportunity to file an amended complaint as to certain claims dismissed without prejudice, and his Amended Complaint is currently pending before this Court. For the following reasons, the Court will dismiss Serrano-Bey's Amended Complaint without further leave to amend.

**I.         PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[1]

      In his previously dismissed Complaint, Serrano-Bey alleged claims against the State Trooper Association, the Philadelphia Highway Patrol, and the following Pennsylvania State Police officers: (1) "(Lattanzio?) Muvha," Badge No. 14417, (2) Kelble, Badge No. 11278, (3) Furguson, Badge No. 10476, (4) Corporal Rogers, Badge No. 10661, and (5) Corporal Stine,

---

[1] The factual allegations are taken from Serrano-Bey's Complaint, the Amended Complaint, and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Badge No. 10738. (Compl. (ECF No. 2) at 1-2.)[2] Specifically, Serrano-Bey asserted constitutional claims in relation to a traffic stop that occurred on September 29, 2021, while he was traveling northbound on Interstate 95, and the resulting impoundment of the vehicle he was operating.

In his initial Complaint, Serrano-Bey alleged that he was pulled over by a "Ford Explorer SUV, possibly black or grey in color, that read 'STATE TROOPER' on the side of the vehicle." (*Id.* at 3, 6.) Two "TROOPERS" approached his vehicle and told him that "they pulled [him] over because [his] tags weren't registered to PENNSYLVANIA." (*Id.* at 6.) Serrano-Bey questioned, "What is your probable cause and who is the injured party[?]" (*Id.*) One of the "TROOPERS" responded that his "probable cause is your tags weren't registered to the STATE OF PENNSYLVANIA." (*Id.* at 7.) Serrano-Bey handed an officer several documents to review. (*Id.*) When his paperwork was returned to him, one of the "TROOPERS" told him, "Your paperwork is good and you have insurance but we have to take your car because you didn't register the car to the STATE OF PENNSYLVANIA." (*Id.* at 3, 7.) A tow truck from the "PHILADELPHIA PARKING AUTHORITY [PPA]" pulled up to tow his car, and Serrano-Bey asserts that a "TROOPER put all documents received in the name of the prior owner of the automobile and listed her clearly on documents as the OPERATOR of the MOTOR VEHICLE in which he lied under oath." (*Id.* at 8.)

Serrano-Bey attached to his initial Complaint, a copy of a Live Stop Towing Report issued by the Pennsylvania State Police and a copy of a Traffic Citation issued by the Philadelphia Municipal Court Traffic Division. (*Id.* at 10, 12.) Both documents referred to the

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Case 2:23-cv-03147-JP Document 21 Filed 04/17/24 Page 3 of 10

traffic stop that was conducted by the Pennsylvania State Police on September 29, 2021.  (*Id.*) However, the vehicle operator and owner listed on the Live Stop Towing Report was Shemail Valdez Williams, and the report indicates that Williams was cited with the operation of an unregistered vehicle in violation of 75 Pa. Cons. Stat. § 1301(a).  (*Id.* at 10.)  The Traffic Citation also indicates that Williams was charged with operating a vehicle without having a valid registration plate in violation of 75 Pa. Cons. Stat. § 1301(a).  (*Id.* at 12.)  Serrano-Bey alleged that Williams was the prior owner of the vehicle.  (*Id.* at 8.)

In a February 16, 2024 Memorandum and Order, the Court dismissed Serrano-Bay's Complaint in its entirety upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Serrano-Bey v. Muvha*, Civ. A. No. 23-3147, 2024 WL 665184, at *7 (E.D. Pa. Feb. 16, 2024).  The Court dismissed all claims against the State Trooper Association without prejudice because Serrano-Bey failed to explain how the Association was involved in the alleged violations of his rights or legally responsible for the harm he sustained.  *Id.* at *4.  The Philadelphia Highway Patrol was dismissed with prejudice because as a specialized unit within the Philadelphia Police Department, it was not a proper defendant under 42 U.S.C. § 1983.  *Id.* at *5.  Finally, Serrano-Bey's claims against the individual police officers were dismissed without prejudice because he failed to sufficiently allege each Defendant's personal involvement in the alleged violations of his constitutional rights.[3]  *Id.*

Serrano-Bey has returned with an Amended Complaint, in which he asserts virtually

---

[3] Although the dismissal of these claims was based on Serrano-Bey's failure to allege personal involvement, the Court identified additional defects in his claims that were similarly sufficient to support dismissal.  *See Serrano-Bey*, 2024 WL 665184, at *5.  Specifically, with respect to Serrano-Bey's allegations that the traffic stop was unlawful, the Court concluded that his failure to allege that the officers lacked reasonable suspicion to believe a violation had occurred, coupled with the fact that he was charged with driving a car with an expired registration, rendered any Fourth Amendment claim based on the initial stop implausible.  *Id.* at

3

identical allegations against the following Defendants: (1) Nikolas Lattanzio (Badge No. 14417); (2) James Kelble (Badge No. 11278); (3) Lateef Ferguson (Badge No. 11261); and (4) Ryan Rogers (Badge No. 10661).[4] (Am. Compl. (ECF No. 20) at 2.) He also again names the State Trooper Association as a Defendant in the caption. Serrano-Bey, who avers that he is a "Moorish American al moroccan national," asserts that his claims arise under the United States Constitution as well as the "Treaty of Peace and Friendship." (*Id.* at 2-3.)

In his Amended Complaint, Serrano-Bey alleges that on September 29, 2021, while traveling northbound on Interstate 95, he and his nephew "encountered a Police SUV." (*Id.* at 3.) Serrano-Bey alleges that the officer on the passenger side of the SUV "appeared to recognize [him] before the vehicle dropped back" and pulled in behind his vehicle. (*Id.*) The SUV then suddenly accelerated past Serrano-Bey and positioned itself "between cones ahead," before pulling in behind Serrano-Bey's vehicle for a second time. (*Id.*) Serrano-Bey asserts he became alarmed and "instructed [his] nephew to call 911 to report police harassment." (*Id.*) As Serrano-Bey activated his hazard lights and slowed down to exit, the SUV accelerated alongside his vehicle and a "passenger brandished a threatening object prompting [him] to pull over." (*Id.*)

Serrano-Bey pulled over and handed his paperwork to one of the officers, "who inspected it and confirmed everything was in order before returning it." (*Id.*) He was "ordered to step out [of] the car as it was being towed." (*Id.*) Serrano-Bey questioned an officer "about probable

---

*6. In addition, with respect to the subsequent seizure of his vehicle, the Court determined that once the officers learned that Serrano-Bey was operating a vehicle with an invalid and/or expired registration, it was permissible for them to tow the car pursuant to Pennsylvania law. *Id.* at 7.

[4] The Defendants named in the Amended Complaint appear to be the same Pennsylvania State Police officers named in the initial Complaint, albeit with the addition of each officer's first name and some minor spelling changes. However, it appears that Serrano-Bey has abandoned the claims that he previously asserted against Corporal Stine, Badge No. 10738, because Stine is not named as a Defendant in the Amended Complaint.

cause" and requested to speak to a supervisor. (*Id.*) Serrano-Bey was allegedly directed to a supervisor, who "immediately pulled [Serrano-Bey] out of [his] car, shoved [him] against the backside window, and made threatening remarks while commanding [him] not to move or resist." (*Id.*) Serrano-Bey alleges that he was "tightly handcuffed" and directed "to stand in front of the cruiser under the glare of the floodlights and headlights." (*Id.*) Serrano-Bey asserts that his nephew was also "handcuffed, placed in one of the cruisers, taken off the scene" and then released. (*Id.*)

Serrano-Bey avers that this incident has caused him "psychological trauma" that was "inflicted by deceitful servants who abused their credentials within the Judiciary System." (*Id.* at 4.) He asserts that "[t]heir acts of coercion and harassment endangered [his] life and well-being, culminating in the theft of [his] car and leaving [him] stranded repeatedly." (*Id.*) As a result of this incident, Serrano-Bey has "expressed feelings of anxiety, depression, and powerlessness, compounded by a sense of betrayal and denial of equal protection as an American national" that "has led to a lack of trust in authority figures and a profound need for support." (*Id.*) He seeks compensatory and punitive damages "from the unlawful seizure of [his] automobile," the release of seized property, and "injunctive relief to develop and implement a policy protecting constitutional rights." (*Id.*)

## II.   STANDARD OF REVIEW

As Serrano-Bey is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies and requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (third, fifth and sixth alterations in original) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Serrano-Bey is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

The Court understands Serrano-Bey to assert constitutional claims in relation to the September 29, 2021 traffic stop and resulting impoundment of the vehicle he was operating.  The provision by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  In addition, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'"  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207)).  Serrano-Bey's Amended Complaint is best

6

construed as raising claims under the Fourth Amendment in connection with the events of September 29, 2021.[5]

### A. Claims Against the State Trooper Association

It is unclear whether Serrano-Bey intended to rename the State Trooper Association as a Defendant in his Amended Complaint. Although the State Trooper Association appears in the caption of the Amended Complaint (*see* Am. Compl. at 1), Serrano-Bey does not name the Association as a separate defendant in the area of the form that directs the litigant to "[l]ist all defendants." (*Id.* at 2.) In addition, there are no specific allegations asserted against the State Trooper Association anywhere in the body of the Amended Complaint.

As this Court noted in its prior Memorandum, the State Trooper Association is the exclusive, recognized bargaining agent for all Pennsylvania State Police members covered under the Act 111 collective bargaining agreement. *See Serrano-Bey*, 2024 WL 665184, at *4 (citing *Pennsylvania State Police v. Pennsylvania State Troopers' Ass'n*, 992 A.2d 969, 972 (Pa. Commw. Ct. 2010)). The Amended Complaint fails to explain how the State Trooper Association was involved in the alleged violations of Serrano-Bey's rights or legally responsible

---

[5] The Fourth Amendment applies to claims for unlawful pretrial detention by law enforcement. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."). Therefore, the Fourth Amendment, rather than any other constitutional provision, governs the analysis of Serrano-Bey's claims related to his detention by police on September 29th. *Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause).

for the harm he sustained.[6]  Accordingly, Serrano-Bey's claims against the State Trooper Association will be dismissed.

### B. Claims Against the Pennsylvania State Police Officers

Like his allegations in the initial Complaint, Serrano-Bey's Amended Complaint does not specifically attribute conduct to any of the named Defendants.  In his Amended Complaint, Serrano-Bey frequently and collectively refers to the "police" or "policemen" as a group without clarifying the specific basis for each Defendant's liability.  These types of allegations are not plausible because "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *Rode*, 845 F.2d at 1207(explaining that liability in civil rights action "cannot be predicated solely on the operation of *respondeat superior*"); *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

In this Court's prior Memorandum, we informed Serrano-Bey "[w]here there are multiple events and defendants at issue, alleging personal involvement often cannot be accomplished by repeatedly and collectively referring to the 'Defendants' as a group without clarifying the specific acts of each Defendant that forms the basis for that individual's liability."  *Serrano-Bey*, 2024 WL 665184, at *5 (citing *Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff)).  Nevertheless, Serrano-Bey's allegations in the Amended Complaint again fail to adequately

---

[6] To the extent that Serrano-Bey intended to assert claims against the Pennsylvania State Police, any such claims are not plausible for the same reasons as explained by the Court's prior Memorandum.  *See Serrano-Bey*, 2024 WL 665184, at *4 (citations omitted).

identify to whom he refers, stating only that that (1) a police SUV "passenger brandished a threatening object," thereby prompting him to pull over; (2) a "supervisor" pulled him from his vehicle and shoved him against the backside window; and (3) "deceitful public servants" abused their credentials. (Am. Compl. at 3-4.) Thus, for a second time, Serrano-Bey's fails to allege the personal involvement of Defendants Lattanzio, Kelble, Ferguson, and Rogers in the alleged constitutional violations. Accordingly, the Court will dismiss Serrano-Bey's claims against these Defendants for failure to sufficiently allege each Defendant's personal involvement.[7]

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Serrano-Bey's Amended Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since Serrano-Bey was given an opportunity to amend the defects in his claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *Jones v. Unknown*

---

[7] Just as in his initial Complaint, there appear to be additional defects in Serrano-Bey's claims that would support dismissal. Interestingly enough, Serrano-Bey's initial Complaint alleged that he was pulled over "because [his] tags weren't registered to PENNSYLVANIA." (Compl. at 3, 6-7.) Although his Amended Complaint is silent as to the reason he was pulled over, Serrano-Bey does assert that the SUV pulled in behind his vehicle before pulling him over. (Am. Compl. at 3.) Once he was pulled over, Serrano-Bey provided his paperwork to an officer and was allegedly informed shortly thereafter that his vehicle would be towed. (*Id.*)

As noted in the Court's prior Memorandum, traffic stops may be initiated based on a reasonable suspicion that a traffic violation has occurred. *See Serrano-Bey*, 2024 WL 665184, at *6 (citing *United States v. Green*, 897 F.3d 173, 178 (3d Cir. 2018)). A violation of traffic laws observed by an officer, such as an invalid registration or license plate, is a permissible reason for a traffic stop. *Id.* (citations omitted). Serrano-Bey does not allege in the Amended Complaint that the officers had no basis for perceiving a traffic violation at the time of the stop. Serrano-Bey's failure to allege that the officers lacked reasonable suspicion to believe a violation had occurred renders any Fourth Amendment claim based on the initial stop implausible. *See generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

*D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (stating that amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

    An appropriate Order follows.

**BY THE COURT:**

/s/ John R. Padova, J.

**JOHN R. PADOVA, J.**